## COPP vs. LAMB.

In a writ of right, the demandant may count as well upon his own seizin as upon that of his ancestor.

Where certain persons assumed to act as a propriety more than 40 years ago, and having fulfilled the object of their association, had ceased to hold meetings and act as a propriety for more than 30 years, it was held that a stranger could not dispute their capacity thus to associate, and to controvert rights derived from, and held under, them.

*David Copp*, and seven others, his associates, as early as 1793, claimed title to a township of land and organized themselves into a propriety. Subsequently in 1799, said *Copp* and others took a deed of the same township from the trustees of *Berwick Academy*. They continued their corporate connexion, and in 1802, at a meeting at which *Copp* was moderator, passed a vote confirming all prior proceedings. Neither *Copp*, nor any one of his associates under said deed, ever claimed any part of said land beyond their interest in the propriety. *Held*, that a claim under the residuary devisee of *Copp*, to a part of the land by virtue of the deed to him and his associates, independent of the propriety, could not be sustained.

After the lapse of 40 years, and a long exercise of corporate acts, the fact that a regular warrant, issued from a magistrate, calling the first meeting under a statute of *Massachusetts*, may well be presumed.

The proceedings at such meeting could not be regarded as illegal and void, though held by the appointment of a magistrate, in the state of *New Hampshire*, where the proprietors resided, the statute not prescribing any place of meeting.

THIS was a writ of right, brought to recover lot No. 57, in the town of *Athens*, in which the demandant counted upon his own seizin within twenty years next before the commencement of the action. The general issue was pleaded and joined.

The demandant claimed under the proprietors of *Athens*, and the tenant under *David Copp*, one of the members of said propriety ; to whom, with seven others, his associates, the trustees of *Berwick Academy*, in 1799, had conveyed said township.

The jury returned a verdict for the demandant, which was to be set aside and a new trial granted, if the whole Court should sustain the objections raised at the trial by the tenant, otherwise judgment was to be rendered on the verdict. The material facts in the case are sufficiently stated in the opinion of the Court which was delivered by

WESTON C. J. — It was objected at the trial, that a writ of right could not be maintained upon the demandant's own seizin.

It has been conceded in argument, that the objection has no foundation in law.    A writ of right is usually brought upon the seizin of an ancestor ; but it is not an ancestral action.    In the proceedings in a writ of right, to be found in the appendix to the third volume of *Blackstone's Commentaries*, which the author introduces for the purpose of illustration, the demandant counts upon his own seizin.

In 1793, *David Copp* and others claimed title to the township, which now constitutes the town of *Athens*.    How early that claim commenced does not appear ; but prior to the 25*th* of *November* of that year, when the lot in question was drawn to the right of *David Copp, Jr.* they had caused the township to be surveyed into lots, and a plan to be made of it.    It was a business which required time ; being then in the wilderness, at a great distance from those who assumed to be proprietors ; and must have been before the fifteenth of the same month of *November*, when *Copp* and others entered into the written agreement with the trustees of *Berwick Academy*, which is in evidence in the case.    What prior understanding had existed between the parties, does not appear ; or what other claim or title the proprietors may have had from a more questionable source.    Their organization, as the proprietors of this township, and the actual ownership, which they exercised over it, by causing it to be surveyed, was both a claim and exercise of right.    There was no conflict between them and the trustees of *Berwick Academy ;* or none which was not compromised and arranged.

These proprietors entered upon this land by themselves or their agents, claiming to be seised of it as tenants in common, and organized themselves as a propriety under the statute.    The trustees of *Berwick Academy*, who were probably the true owners, conveyed to them their interest a few years afterward in 1799.  Their deed was made to *David Copp* and seven others, his associates.    These same proprietors, to whom the deed from the trustees of *Berwick Academy* was thus made, continued their corporate connexion ; and at a meeting in 1802, voted to confirm all that had been previously done.    Under grants from this propriety, the township has been settled, and now contains upwards of one

thousand inhabitants. More than forty years have passed, since they assumed their corporate form, and more than thirty, since the objects of their association having been fulfilled, they have ceased to hold meetings, and to act as a propriety. Shall a stranger at this distance of time be permitted to dispute their capacity thus to associate, and to controvert the rights, which have been derived from, and are held under them? We think not.

It is insisted that the tenant holds under *David Copp*, one of the grantees of *Berwick Academy*, in 1799. But he was one of the proprietors, who organized in 1793, and who acted from time to time as a member of the corporation, and was actually moderator of the meeting held in 1802, at which all the previous doings were confirmed. *Copp* and others understood and acted under their deed from *Berwick Academy*, as intended for the use of the propriety. They received it as their representatives. We must understand that *Copp* and others was one of the names, by which the propriety was known. There was an identity of interests between them. It does not appear that any one of the proprietors ever set up a title of his own, independent of the propriety. The tenant holds under the residuary devisees of *David Copp*, the elder; but there was no evidence at the trial, that he in his lifetime claimed any portion of these lands, except what he derived from his interest in the propriety.

The objection taken at the trial was, that the proprietors had no title, when they organized; another raised in argument is, that it does not appear that they organized under the statute of *Massachusetts*. Their right to take this exception, after the trial, is controverted. But if it were open, after a lapse of more than forty years, and the long exercise of corporate acts, upon which very important and extensive interests are held, the fact that a regular warrant issued from a magistrate, having competent authority in *Massachusetts*, may well be presumed. The statute did not prescribe where the meeting should be holden, or that it should be holden in the commonwealth. He consulted their convenience, by appointing a place within the limits of *New Hampshire*, where the proprietors resided. We do not feel warranted in declaring, that the proceedings were illegal and void, upon this ground.

The proprietors having organized under the statute, however feeble their right might have been to the land, upon which they had entered, and their title having been subsequently confirmed by the only parties, who appear to have had any interest to question it, and they having afterwards continued to act in their corporate capacity, and finally ratifying, by a formal vote, all their preceding acts, we are of opinion that, at this late period, it is not competent for strangers or for the individual proprietors, or their heirs or assignees, to question their corporate powers or the interests held under them.

*Judgment on the verdict.*

*Allen* and *Boutelle,* for the demandant.

*Hutchinson,* for the tenant.